UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALYSSA ISEMAN, and POSITIVELY MEDIEVAL, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-CV-365-TRM-DCP |
| M. JACOB WERNER, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel of Record ("Motion to Withdraw") [Doc. 51], filed by Defendant's attorneys, Karrisa Range and Richard Ladd, Jr., with PennStuart & Eskridge ("PennStuart"). The Motion states that Defendant does not have the financial resources to employ PennStuart and that PennStuart and Defendant have been unable to reach an agreeable financial arrangement for PennStuart's continued representation of Defendant. The Motion includes Defendant's contact information and states that a copy of the Motion was provided to Defendant on November 18, 2020. Finally, the Motion seeks an order staying the litigation for a reasonable time to allow Defendant to obtain new counsel or to inform the Court that he intends to proceed in this matter pro se.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;

1

(2) Include in the motion the current mailing address and telephone number of the client;

(3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

(4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and

(5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion to Withdraw complies with the Local Rules. Accordingly, the Court finds the request to withdraw well taken, and it is **GRANTED**. The Court expects Attorneys Karissa Range and Richard Ladd, Jr., to provide copies of any relevant documents to any future counsel for Defendant or directly to Defendant upon request. Attorneys Karissa Range and Richard Ladd, Jr., are hereby **RELIEVED** of their duties as counsel in this case.

With respect to the request to stay this matter, the Court finds a stay of this case unnecessary at this time. Defendant is **DIRECTED** to update the Court within ten (10) days of entry of this Order as to whether he intends to proceed pro se. At this time, however, Defendant is hereby **ADMONISHED** that he is **DEEMED** to be proceeding pro se. Until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1. Defendant, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

Accordingly, the Motion to Withdraw [**Doc. 51**] is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant at the address provided in the Motion to Withdraw and to update ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3

Case 3:19-cv-00365-TRM-DCP   Document 52   Filed 12/11/20   Page 3 of 3   PageID #: 545