UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ALYSSA ISEMAN and
POSITIVELY MEDIEVAL, LLC,
Plaintiff

v.                                          Case No.: 3:19-cv-00365-TRM-DCP

M. JACOB WERNER,
Defendant

## WRIT OF GARNISHMENT

To: (Name and address of garnishee)
Wells Fargo Bank, N.A.
1000 Louisiana St.
Houston, TX 77002

     An application for a Writ of Garnishment has been filed with this court to satisfy an unpaid judgment in favor of Ally Iseman and Positively Medieval, LLC in the amount of $ 650,000.00, plus costs in the amount of $ 114,820.66 and interest in the amount of $ 65,000.00 (less payments in the amount of $ 0.00), for a total amount of $ 829,820.66, computed through July 1, 2021.

     You are required by law to answer in writing, under oath, whether or not you have in your custody, control, or possession any property owned by the debtor. You are required to withhold and retain any property in which the debtor has a substantial nonexempt interest and for which you are or may become indebted to the judgment debtor pending further order of the court.

     Within ten (10) days of your receipt of this Writ, the original written answer to this Writ must be filed with the Clerk of the United States District Court. No monies shall be forwarded to the Clerk. You are required by law to serve a copy of your answer upon the debtor at (last known address of judgment debtor): 805 Cedar Lane, B6
Knoxville, TN 37912 and upon the plaintiff/judgment creditor or its attorney at the address shown on the Application for Writ of Garnishment.

     If you fail to answer this Writ or fail to withhold property in accordance with this Writ, the court may enter judgment against you for the value of the judgment debtor's nonexempt interest in such property.

Date issued: _____                    JOHN L. MEDEARIS, Clerk

                                                                                                    _____

NOTICE — Although you have a longer time in which to answer the court concerning this garnishment, <u>you must do the following on the same day you receive the garnishment, or on the next working day.</u> Determine if you possess or control money or property of the judgment debtor. If so, within that same time period, you shall furnish a copy of the garnishment summons and Notice to Judgment Debtor by mailing them first class, postage prepaid, to the judgment debtor's last known address as shown by your records, or by actual delivery to the judgment debtor. If the address shown by your records differs from that shown on this execution form, you shall also mail a copy of the garnishment and notice to the latter address.

# RETURN OF SERVICE

Complete if service is not perfected by U.S. Marshall, please complete the following Return of Service.

Date: _____

Service of the Writ of Garnishment was made by:

Name of Server/Title (Print): _____

Mark the appropriate section below to indicate the method of service:

☐      Served personally upon: _____

             Place where served:_____

☐      Returned unexecuted: _____

☐      Other: (Specify): _____

Amount of service fee received is: _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fee is true and correct.

Executed: _____     _____
                 (Date)                                            (Signature of Server)

             Print name and address:     _____

                                                   _____

# NOTICE TO JUDGMENT DEBTOR
T.C.A. § 26-2-404(a)

To collect a judgment against you in this lawsuit, your money or other property has been seized by execution or garnishment. An execution allows the sheriff to sell the property levied upon. A garnishment requires your bank (or other person holding your money or property) to transfer your property to the court or to hold it to satisfy the judgment.

READ THIS CAREFULLY. YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY OR GET IT BACK.

State and federal laws prevent certain types of money or property from being used to pay a judgment. Such money or property is "exempt." Examples of exempt money are: Social security benefits, SSI, unemployment benefits, Veterans' benefits, AFDC, and most government pensions. Examples of exempt property are certain health care aids and "tools of trade." These examples of exempt money and property constitute only a partial list, and you may have other exemptions.

If you think you have exempt money or property that has been seized, you have the right to file a motion with the court clerk's office identified below claiming your exemption and asking for the release or return of your money or property.

You can get a form for filing this motion at the clerk's office below, or the clerk may have supplied such a form on the back of this notice. YOU SHOULD ACT QUICKLY. If you file a motion within twenty (20) days from the date this notice was mailed to you or was given to you, the court must hear and decide your motion promptly, and in no event later than fourteen (14) days from filing. The clerk will notify you of the time, date, and place of the hearing.

IF YOU DO NOT UNDERSTAND YOUR RIGHTS OR HOW TO EXERCISE THEM, YOU MAY WISH TO CONSULT WITH A LAWYER. IF YOU CANNOT AFFORD A LAWYER, YOU MAY BE ELIGIBLE FOR FREE LEGAL ASSISTANCE. The court clerk's office can provide you with forms and with information about legal services in your area, but the clerk cannot give you legal advice.

T.C.A. § 26-2-216

NOTICE OF JUDGMENT DEBTOR (AND NOTICE TO GARNISHEE) NOTICE TO THE DEBTOR (EMPLOYEE): Your earnings have been subjected to a garnishment which has been served upon your employer. The garnishment creates a lien on
a portion of your wages until the judgment is satisfied, or for three (3) months, whichever occurs first. You have the following rights:

Some of your wages are protected by state and federal law from garnishment. See the notice below to the employer to find out how much of your wages are protected from garnishment.

IF YOUR EMPLOYER IS TAKING TOO MUCH MONEY FROM YOUR WAGES:

You may apply to the court at the clerk's office shown below within twenty (20) days from any improper withholding of your wages for a motion to stop the garnishment. The court clerk identified below shall provide you with a form for making such a motion, or may have supplied a form motion on the back of this notice. You may wish to seek the counsel of a lawyer. If you are unable to afford an attorney, you may be eligible for free legal services to assist you.

PLEASE NOTE: If you file a motion, the court must hear and decide your motion promptly, and in no event later than fourteen (14) days from filing. The clerk will notify you of the time, date, and place of hearing. The court clerk's office can provide you with forms and with information about legal services in your area, but the clerk cannot give you legal advice.

IF THE RIGHT AMOUNT OF MONEY IS BEING TAKEN FROM YOUR WAGES BUT YOU WANT TO GET THE GARNISHMENT STOPPED THROUGH A PAYMENT PLAN:

You may apply to the court for an order suspending further garnishments by the same creditor upon your paying a certain sum of money weekly, biweekly, or monthly, to pay the judgment. If you file this motion, the garnishment of your wages will stop for as long as you make the payments ordered by the court. The court clerk shall provide you with the necessary forms to make this application, or you may seek the counsel of an attorney. If you are unable to afford an attorney, you may be eligible for free legal services to assist you.

NOTICE TO THE GARNISHEE (EMPLOYER): THE MAXIMUM PART OF THE AGGREGATE DISPOSABLE EARNINGS OF AN INDIVIDUAL FOR ANY WORK WEEK WHICH IS SUBJECTED TO GARNISHMENT MAY NOT EXCEED:
(A) Twenty-five percent (25%) of the garnishee's disposable earnings for that week, minus two dollars and fifty cents ($2.50) for each of the garnishee's dependent children under sixteen (16) years of age who resides in the state of Tennessee as provided in § 26-2-107; or
(B) The amount by which the garnishee's disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage at the time the earnings for any pay period become due and payable, minus two dollars and fifty cents ($2.50) for each of the garnishee's dependent children under sixteen (16) years of age who resides in the state of Tennessee, whichever is less.

"Disposable earnings" means that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

In the case of earnings for a pay period other than a week, the weekly formula must be changed to apply to that pay period so as to exempt an equivalent percentage of disposable earnings. For example, the calculation concerning the federal minimum wage in subsection (b) should be computed as follows: WEEKLY: 30 times the federal minimum hourly wage (fmw) at the time the earnings for any pay period become due and payable; BI-WEEKLY: two (2) times thirty (30) fmw; SEMI-MONTHLY: two and one-sixth (2 1 6) times thirty (30) fmw; and MONTHLY: four and one-third (4O) times thirty (30) fmw equals the amount to be subtracted from disposable earnings for that pay period.

If the judgment orders alimony and the person in whose favor the judgment was rendered has remarried, the above exemption applies. If the judgment orders the debtor to pay support for the debtor's minor child or children, or alimony and the person in whose favor the alimony judgment was rendered has not remarried, different standards apply under 15 U.S.C. § 1672(b). If the debtor is supporting a spouse or dependent child other than those for whom the order was entered, then fifty percent (50%) of the debtor's disposable earnings may be garnished. If the debtor is not supporting such additional dependents, a maximum of sixty percent (60%) may be garnished. These figures rise
to fifty-five percent (55%) and sixty-five percent (65%), respectively, if the support order is for a period more than twelve (12) weeks before the pay period to be garnished.

If the judgment is for state or federal taxes, no disposable earnings are exempt under 15 U.S.C. § 1673(b).